37 C.C.P.A. (Patents)

**In re LEE.**
**Patent Appeals No. 5662.**

United States Court of Customs and
Patent Appeals.
June 30, 1950.

Harker H. Hittson, Columbus, Ohio, for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming a requirement for division between three groups of claims made by the Primary Examiner with the approval of the Examiner of Classification.

The application relates to alleged improvements in a mining machine described by the board as follows (numerals designating different features being omitted as indicated by asterisks):

"This application discloses a skid-mounted mining machine. The usual cutter bar * * * carries a cutter chain * * * driven by an electrical motor * * *. The machine is adapted to be supported and to be slid over the mine floor as a unit while cutting a kerf to feed the cutter forward. This feeding movement is obtained by means of cables operating on drums * * * which are driven by * * * electric motor * * * through the transmission mechanism * * *. A system for lubricating the various moving parts of the machine is provided. * * * Positioned at the rear end of the machine is a slack conveyor * * * to remove the cuttings from the cutting bar."

The respective groups of claims between which division was required are:

(D) Claims 44 to 46

(J) Claims 100, 101, and 113 to 116

(L) Claims 12 to 14, 56, 57 and 102.

In the decision of the board claim 44 is quoted as representative of group (D), claim 100 as representative of group (J), and claim 12 as representative of group (L). The claims so quoted read:

"44. A direct current mining machine four pole motor including two generally opposite poles having windings thereon, the axes of said poles being inclined upwardly and outwardly relative to a generally horizontal plane through the axis of said motor and making an angle of approximately 15 degrees with said horizontal plane, said inclined poles having shoes thereon the faces of which are substantially bi-sected by said horizontal plane.

"100. In a mining machine, a frame including a machinery compartment, operating machinery in said compartment, said machinery compartment including an oil sump adapted to collect oil in said machinery compartment, an oil reservoir, a motor driven pump adapted to pump oil from said sump into said reservoir, a second pump adapted to pump oil from said reservoir, and control means for said mining machine operable by oil delivered by said second pump.

"12. In a mining machine, the combination with a frame, of a motor adjacent the front part of said frame and having a housing, said motor including a rotor, said housing having a removable front plate which when removed provides for removal of said rotor by moving it forwardly, a cutter bar extending forwardly from said frame and having an extension which extends rearwardly and is pivotally connected to said frame at its rear end, means removably connecting said cutter bar extension and said frame forwardly of said pivoted connection which when disconnected provides for relative pivotal movement of the frame and cutter bar, and means including an elevating jack adjacent the front of said frame for effecting said pivotal movement whereby said rotor can be removed while the cutter bar remains connected to said frame."

Two patents were cited as references upon certain points, viz.:

Merrick, 665,337, Jan. 1, 1901,
Meeks, 2,232,620, Feb. 18, 1941.

In the course of its decision the board said:

"We have reviewed the claims in the three groups designated (D), (J) and (L) respectively and agree with the Examiner that the claims of each of these three groups are directed to a separate subject matter of invention. Group (D), of which claim 44 is illustrative, is clearly directed to a matter of general application, its classification being illustrated by the Merrick patent. Group (J), of which claim 100 is illustrative, is drawn to a lubrication system of general application as illustrated by the Meeks patent. These claims do not recite any structure limiting them to a mining machine but broadly recite 'a machinery compartment, operating machinery in said compartment' as recited in claim 100 and as recited in equivalent terms of the remaining claims of the group. The claims of group (L), as illustrated by claim 12 include such elements of the mining machine as the cutter bar and elevating jack as to bring them into the category of a mining machine. Appellant does not present any contentions upon which reason for alleged error in requiring division among these groups may be based but relies on the presence [of] so-called 'linking claims' to circumvent the requirement for division.

"The requirement for division among groups (D), (J), and (L) cannot be conclusively determined until all questions as to the so-called 'linking claims' are finally decided since both the Primary Examiner and the Examiner of Classification have stated that this requirement is subject to the non-allowance of any claims which link two or more of the claims between which division is required. It is not apparent therefore how the rights of applicant would be in the least affected by the election made necessary by the requirement for division. The question of whether or not applicant will elect one of the groups designated by the Primary Examiner relates to procedure and is not covered by Rule 133."

It is obvious, we think, that the last sentence of the immediately foregoing quotation relates, as stated in the brief of the Solicitor for the Patent Office, "only to what appellant may, can or will do after the requirement for division is settled finally."

The so-called "linking claims" are Nos. 4, 5, 31 to 43, inclusive, 106, 108 to 112, inclusive, 120, and 122 to 131, inclusive. They were placed in a group designated (M), apparently being regarded as old combination claims or aggregative. The claims of this group were not included in the groups among which division was required, and it was held by the Primary Examiner that claims 31 to 43, inclusive, and 122 to 131, inclusive, may be examined with group (D) supra; that claims 108 to 112, inclusive, and 120 may be examined with group

(J) supra; and claims 4, 5, and 106 with group (L) supra. So, group (M) was divided into subgroups.

Appellant seeks to avoid the requirement for division between groups (D), (J), and (L) by "electing" to prosecute the so-called "linking claims" 31 to 43 and 122 to 131 embraced in subgroup (M4). He seeks thereby to force consideration on the merits of all the claims and consequently circumvent the requirement for division between groups (D), (J), and (L).

■ Such action, it seems to us, would be in conflict not only with the long established practice in the Patent Office but with the decisions of this court in cases such as In re. Freeman, 104 F.2d 187, 26 C.C.P.A., Patents, 1265 (the opinion in which was most carefully prepared after long study by the late Judge Hatfield); and In re Oberweger, 115 F.2d 826, 28 C.C.P.A., Patents, 749.

In the brief for appellant before us it is said (reference to pages of the record being deleted as indicated by asterisks):

"Appellant respectfully relies upon the errors of the Board of Appeals as set forth in his Notice of Appeal * * * and without repeating those statements of errors which are respectively incorporated herein by reference, it may be stated as a simplification of them that the issue is whether or not the Patent Office can deny an applicant's fundamental right to claim 'whichever invention he may elect' (old Patent Office Rule 42, new Patent Office Rule 142)."

■ In our opinion, appellant has not been denied any fundamental, or other kind of, right "to claim 'whichever invention he may elect.'" Consideration upon its merits of each claim on appeal is preserved. Appellant did not elect any *one* of the distinctly different inventions claimed by him upon the basis of his application, but sought by the use of "linking claims" (which seemingly would not be patentable standing alone, although they may be when considered in combination with the claims in groups (D), (J), and (L) to have every claim considered upon its merits. In other words, appellant

through his attorney, sought to "elect" *all three* of his claimed inventions.

We are not convinced of error on the part of the board and its decision is affirmed.

Affirmed.